**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | | |
|---|---|---|
| TOM YOSHIKAZU and MARGARET LYNN BROOKS, husband and wife, | ) ) ) | 3:11-cv-00411-ECR-RAM |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **Order** |
| PINNACLE FINANCIAL CORPORATION; STEWART TITLE OF NORTHERN NEVADA; NATIONAL DEFAULT SERVICING CORPORATION; SELECT PORTFOLIO SERVICING; LSI TITLE AGENCY-NV; MARK VOLPE; and DOES 1-25 CORPORATIONS; DOES and ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in the action, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiffs are homeowners alleging a predatory lending scheme by Defendants. Now pending are two motions to dismiss (##9, 19), a motion to expunge lis pendens (#11), a motion to supplement opposition (#17), and a motion to add indispensable party (#29).

**I. Background**

On October 16, 2006, Plaintiffs borrowed $384,000.00 from lender Pinnacle Financial Corporation and secured the loan with a deed of trust on the property at 3746 Banfi Court, Sparks, Nevada (

the "Subject Property"). (Doc. #3453603 Deed of Trust[1], Ex. A (#10).) Stewart Title of Nevada is listed as the trustee on the deed of trust. (Id.) On January 20, 2011, a corporate assignment of deed of trust stated that the assignor, MERS, as nominee for Pinnacle Financial Corporation, assigned the deed of trust to U.S. Bank, N.A., as trustee, on behalf of the holders of the CSMC mortgage-backed pass-through certificates at c/o Select Portfolio Servicing, Inc. (Corporate Assignment of Deed of Trust (#20-4).) On April 21, 2011, a substitution of trustee, dated January 14, 2011, substituted National Default Servicing Corporation for Stewart Title of Northern Nevada as the trustee. (Substitution of Trustee, Ex. C (#10).) On January 20, 2011, National Default Servicing Corporation, listed as the beneficiary, recorded a Notice of Default and Election to Sell. (Notice of Default, Ex. D (#10).) A trustee's sale was noticed for May 12, 2011. (Notice of Trustee's Sale, Ex. E (#10).) A lis pendens was recorded on May 12, 2011. (Lis Pendens, Ex. F (#10).)

On July 29, 2011, Defendants National Default Servicing Corporation and Select Portfolio Servicing filed a "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, Or In the Alternative Motion for Summary Judgment" (#9). On August 15, 2011, Plaintiffs filed their opposition (#12). On

---

[1] Defendants request judicial notice of the deed of trust, substitution of trustee, election to sell, and other such exhibits. Under Federal Rule of Evidence 201, a court may judicially notice matters of public record. Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n. 1 (9th Cir 2004). Therefore, we take judicial notice of these public records.

2

August 23, 2011, Defendants National Default Servicing Corporation and Select Portfolio Servicing filed their reply (#14).

On July 29, 2011, Defendants National Default Servicing Corporation and Select Portfolio Servicing filed a "Motion to Expunge Lis Pendens" (#11).  On August 15, 2011, Plaintiffs filed their opposition (#13).  On August 24, 2011, Defendants National Default Servicing Corporation and Select Portfolio Servicing replied (#15).

On September 21, 2011, Plaintiffs filed a "Motion to Supplement Opposition Motion to Dismiss" (#17).

On September 24, 2011, Defendant LSI Title Agency, Inc. filed a "Motion of LSI Title Agency, Inc. to Dismiss Plaintiff's Complaint" (#19).  On October 12, 2011, Plaintiffs opposed (#22).  On November 2, 2011, Defendant LSI Title Agency replied (#23).  Defendants National Default Servicing Corporation and Select Portfolio Servicing joined (##21, 24) in LSI Title Agency, Inc.'s Motion to Dismiss (#19).

On February 9, 2012, Plaintiff filed a "Motion to Add Indispensable Party" (#29).

## II. Motions to Dismiss (##9, 19)

**A. Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (clarifying that Twombly applies to

3

pleadings in "all civil actions").  On a motion to dismiss, except where a heightened pleading standard applies, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) (noting that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks omitted).  Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001).  If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed. R. Civ. P. 12(d);

4

see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).  "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment."  Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them."  Lee, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim."  Ritchie, 342 F.3d at 908.  Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss.  Id. at 909; see FED. R. EVID. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

**B. Discussion**

Because the two Motions to Dismiss (##9, 19) make similar arguments with respect to each of Plaintiffs' claims, the Court will address the arguments together.

/ / /

### 1. First Cause of Action for Debt Collection Violations

Plaintiffs' first cause of action alleges that Defendants violated Nevada Revised Statute 649.370, which provides that any violation of the Federal Fair Debt Collection Practice Act ("FDCPA") is a violation of Nevada law. Plaintiffs' claim fails as a matter of law because foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA. Camacho-Villa v. Great W. Home Loans, No. 3:10-cv-00210, 2011 WL 1103681 at *4 (D. Nev. Mar. 23, 2011). Therefore, Plaintiffs' first claim must be dismissed without leave to amend.

### 2. Second Cause of Action for Violation of Unfair and Deceptive Trade Practices Act

Plaintiffs' second cause of action for violation of the Nevada Unfair and Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0923, also fails as a matter of law. The statute provides that a person engages in deceptive trade practices when he or she knowingly conducts his or her business or occupation without all required state, county, or city licenses. Nev. Rev. Stat. § 598.0923(1). However, the statutes explicitly state that the following activities do not constitute doing business in Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. Nev. Rev. Stat. § 80.015(1)(a), (g), (h). Because Defendants are explicitly exempted from the need to acquire licenses, the Court dismisses Plaintiffs' second cause of action without leave to amend.

6

### 3. Third Cause of Action for Violation of Unfair Lending Practices, Nev. Rev. Stat. § 598D.100

Plaintiffs' third cause of action for unfair lending practices in violation of Nev. Rev. Stat. § 598D is time-barred. The statute of limitations for "[a]n action upon a liability created by statute" is three years. Nev. Rev. Stat. § 11.190(3)(a). Plaintiffs obtained the loan at issue in October 2006, and filed this action in May 2011. Plaintiffs' claim for unfair lending practices is therefore untimely and must be dismissed without leave to amend.

### 4. Fourth Cause of Action for Violation of the Covenant of Good Faith and Fair Dealing

Plaintiffs' fourth claim also fails. Pursuant to Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." A.C. Shaw Constr. v. Washoe Cty., 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). This duty requires each party not to do anything to destroy or otherwise injure the rights of the other to receive the benefits of the contract. Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 808 P.2d 919, 923 (Nev. 1991). To prevail on a cause of action for breach of the implied covenant of good faith and fair dealing, a plaintiff must show: (i) the plaintiff and defendants were parties to a contract; (ii) the defendant owed plaintiff a duty of good faith and fair dealing; (iii) the defendant breached the duty by performing in a manner unfaithful to the purpose of the contract; and (iv) the plaintiff's justified expectations were denied. Fitzgerald, 2011 WL 2633502 at *6 (citing Perry v. Jordan, 900 P.2d 335, 338 (Nev. 1995)).

7

Plaintiffs make undifferentiated claims that all Defendants breached the implied covenant by "luring" Plaintiffs into the loan, collecting on the loan, sending Plaintiffs notices related to the loan, and qualifying them for the loan. (Compl. ¶78 (#6).) Plaintiffs further allege that Defendants breached the covenant when they "offered the Plaintiffs consideration for loan modifications, told them that the foreclosures would be postponed but they were not." (Id. at ¶ 80.)  Plaintiffs have failed, however, to allege a single fact that would establish that the manner in which Defendants complied with the contracts at issue contravened the intention or spirit of the contracts.  Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing will therefore be dismissed.

### 5. Fifth Cause of Action for Violation of Nev. Rev. Stat. § 107.080 *et seq.*

Plaintiffs' fifth cause of action, violation of Nev. Rev. Stat. § 107.080 *et seq.*, appears to allege that Defendants foreclosed without authority to do so under Nev. Rev. Stat. § 107.080, which we construe to be a claim for wrongful foreclosure based on violation of state recording and foreclosure statutes. Specifically, Plaintiffs allege that Defendants had no right to foreclose because they have not produced the original note to prove the identity of the real party in interest.

In general:

> [W]rongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the

8

    mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale.

Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983); see also Cervantes, 656 F.3d at 1044 (plaintiffs cannot state a claim for wrongful foreclosure while in default). "Even if MERS were a sham beneficiary, the lenders would still be entitled to repayment of the loans and would be the proper parties to initiate foreclosure after the plaintiffs defaulted on their loans." Cervantes, 656 F.3d at 1044. Because Plaintiffs do not dispute that they are in default, Plaintiffs have not satisfied the requirements for bringing a general claim for wrongful foreclosure.

    Nevada Revised Statutes § 107.080 provides that the power of sale in real property may not be exercised until:

> The beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of the election to sell or cause to be sold the property to satisfy the obligation.

NEV. REV. STAT. § 107.080 2(c). The "Notice of Default and Election to Sell Under Deed of Trust" was signed by National Default Servicing Corporation, as agent for Select Portfolio Servicing. (Notice of Sale (#20-3).) National Default Servicing Corporation was substituted as the foreclosure trustee. (Substitution of Trustee, (#20-5).

    In Karl v. Quality Loan Service Corp., this district noted that Quality was neither the trustee nor the beneficiary when it recorded the notice of default, but claimed on the notice of default to be the agent for the beneficiary. 759 F.Supp.2d 1240, 1246 (D. Nev.

2010). The court in <u>Karl</u> stated that "[a]lthough MERS is not a beneficiary, its agency for the beneficiary under the [deed of trust] extends to administering the [deed of trust] for purposes of foreclosure." <u>Id.</u>  The court further stated that:

> [T]here is no defect in foreclosure here under section 107.080(2)(c), as there is in cases where a purported trustee who is named nowhere on the [deed of trust], and for whom evidence of substitution as trustee appears nowhere, files a [notice of default]. . . . There is no question of fact that [Quality] filed the [notice of default] as the agent of MERS, who was the agent of the beneficiary UAMC, and the foreclosure was therefore not improper under section 107.080(2)(c).

<u>Id.</u> No party on whose behalf agency was claimed has come forth disputing that fact.

In <u>Cervantes v. Countrywide Home Loans, Inc.</u>, the Ninth Circuit considered wrongful foreclosure claims based on alleged procedural defects. 656 F.3d 1034, 1044 (9th Cir. 2011).[2] The Ninth Circuit held that "[e]ven if we were to accept the plaintiffs' premises that MERS is a sham beneficiary and the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose." <u>Id.</u> Plaintiffs' arguments that Nevada's foreclosure statutes were violated by the facts that the note was never presented, the note was split from the deed, and other similar arguments have been repeatedly rejected in this Court, and shall be dismissed without leave to amend.[3]

---

[2] The Ninth Circuit case reviewed a case brought under Arizona law. The conclusions of the Ninth Circuit, however, are equally applicable under Nevada law.

[3] To the extent that Plaintiffs' claim is not a wrongful foreclosure claim, Plaintiffs have failed to state a claim upon which relief may be granted. "NRS 107.080 does not provide plaintiff homeowners with a private right of action for tort damages." <u>Berilo</u>

10

### 6. Sixth Cause of Action to Quiet Title

Plaintiffs' sixth cause of action is for quiet title. In Nevada, a quiet title action may be brought "by any person against another whom claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996). "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." Lalwani v. Wells Fargo Bank, N.A., No. 2-11-cv-00084, 2011 WL 4574388 at *3 (D. Nev. Sep. 30, 2011) (citing Ferguson v. Avelo Mortg., LLC, No. B223447, 2011 WL 2139143 at *2 (Cal. App. 2d June 1, 2011). Plaintiffs have failed to allege that they are not in breach of the loan agreement. While Plaintiffs do not expressly admit to being in default on the loan, the complaint, read as a whole, and taking all allegations in favor of Plaintiffs, does not show even the barest hint of a dispute over whether Plaintiffs were in default. Rather, Plaintiffs are challenging the procedure with which foreclosure was initiated against them, not that the loan was not in default. Accordingly, the quiet title claim must be dismissed without leave to amend.

/   /   /
/   /   /

---

v. HSBC Mortg. Corp., USA, No. 2:09-cv-02353-RLH-PAL, 2010 WL 2667218, at *3 (D. Nev. June 29, 2010).

11

### 7. Seventh Cause of Action for Fraud in the Inducement and Through Omission

Plaintiffs claim that Defendants committed fraud in the inducement by luring Plaintiffs into the loan under false pretenses, that is, by declaring them qualified for the loan based upon future equity in the home and not from income or other assets. In order to state a claim for fraud in the inducement, a plaintiff must show that the defendant knowingly made a false representation with the intent to induce the plaintiff to consent to the contract's formation. J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc., 89 P.3d 1009, 1017 (Nev. 2004).

Defendants were under no obligation to disclose the risks of the loan and whether Plaintiffs could afford it:

> Although the Nevada Supreme Court has not ruled on the issue, this Court and the Ninth Circuit Court of Appeals have predicted that the Nevada Supreme Court would hold that a lender does not owe a fiduciary duty, as "an arms-length lender-borrower relationship is not fiduciary in nature, absent exceptional circumstances."

Megino v. Linear Financial, No. 2:09-CV-00370, 2011 WL 53086 at *5 (D. Nev. Jan. 6, 2011) (quoting Yerington Ford, Inc. v. Gen. Motors Acceptance Corp., 359 F.Supp.2d 1075, 1090 (D.Nev. 2004), overruled on other grounds by Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865 (9th Cir. 2007)); see also Renteria v. United States, 452 F.Supp.2d 910, 922-23 (D. Ariz. 2006) (holding that borrowers cannot establish the reliance element of their claim because lenders have no duty to determine the borrower's ability to repay the loan); Oaks Mgmt. Corp. v. Superior Court of San Diego Cty., 51 Cal. Rptr. 3d 561, 570 ("[A]bsent special circumstances . . . a loan transaction

is at arms-length and there is no fiduciary relationship between the borrower and the lender.") (citations omitted).

Furthermore, a party alleging fraud "must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). Because a claim for fraud in the inducement cannot depend upon Plaintiffs' bare allegations, Plaintiffs' claim for fraud in the inducement must be dismissed. Nor have Plaintiffs shown that there are any facts upon which a proper fraud claim may be brought against Defendants, and therefore, Plaintiffs shall not be granted leave to amend this claim.

Plaintiffs also allege fraud by omission. Under Nevada law, a claim for fraudulent concealment must plead that defendant concealed or suppressed a material fact that he or she was under a duty to disclose to the plaintiff. Nev. Power Co. v. Monsanto Co., 891 F. Supp. 1406, 1415 (D. Nev. 1995) (citing Nevada Jury Instruction 9.03). Like many of Plaintiffs' claims, this claim fails on its face because it is well-settled that lenders and servicers owe no fiduciary duties to mortgage borrowers. Megino, 2011 WL 53086 at *5 (quoting Yerington Ford, 359 F.Supp.2d at 1090, overruled on other grounds by Giles, 494 F.3d 865; see also Kwok v. Recontrust Co., No. 2:09-cv-02298, 2010 WL 255615, at *5 (D. Nev. June 23, 2010); Saniel v. Recontrust Co., No. 2:09-cv-2290, 2010 WL 2555625, at *5 (D. Nev. June 23, 2010); Renteria, 452 F.Supp.2d at 922-23 (holding that borrowers cannot establish the reliance element of their claim because lenders have no duty to determine the borrower's ability to repay the loan); Oaks Mgmt. Corp, 51 Cal. Rptr. 3d at 570.

Plaintiffs' allegations in support of these claims are vague and conclusory, asserting only that Defendants failed to disclose certain facts about the inner workings of the mortgage industry, that Plaintiffs were not qualified for the loans, and that Defendants had no right to foreclose on Plaintiffs' property. Moreover, Plaintiffs cannot show that Defendants owed them a duty to disclose these alleged facts. For this reason, Plaintiffs' claim for fraud through omission must be dismissed without leave to amend.

### 8. Eighth Cause of Action for Slander of Title

Plaintiffs' eighth cause of action is slander of title. Plaintiffs assert that Defendants "disparaged the title to the Plaintiffs' property pursuant to recording Notices of Default that were defective" because Defendants did not have the authority to record those notices, and did not serve those notices upon Plaintiffs. (Compl. ¶ 143 (#6).)

To succeed on a slander of title claim, a plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damages." Exec. Mgmt., Ltd. v. Ticor Title Co., 963 P.2d 465, 478 (Nev. 1998). However, Plaintiffs have failed to state a claim because it is undisputed that Plaintiff is in default. See Sexton v. IndyMac Bank FSB, No. 3:11-cv-437, 2011 WL 4809640, at *5 (D. Nev. Oct. 7, 2011); Ramos v. Mortg. Elec. Registrations Sys., Inc., No. 2:08-CV-1089, 2009 WL 5651132, at *4 (D. Nev. Mar. 5, 2009) (dismissing slander of title claim where Plaintiffs failed to dispute that they were in default on their loan, nor was it false that the property was to be sold at a trustee's sale). In filing the Notice of Default, Defendants stated

14

that Plaintiffs were in breach of the loan agreement due to nonpayment. Plaintiffs do not dispute that they are in fact in default. Because the statement is not false, Defendants cannot be liable for slander of title. Leave to amend to include a slander of title claim will therefore be denied as futile.

### 9. Ninth Cause of Action for Abuse of Process

Plaintiffs' claim for abuse of process fails as a matter of law because non-judicial foreclosure is not the type of "process" addressed by the abuse of process tort as it does not involve judicial action. Riley v. Greenpoint Mortg. Funding, Inc., No. 2:10-cv-01873, 2011 WL 1979831 at *5 (D. Nev. May 20, 2011); see also Barlow v. BNC Mortg., Inc., No. 3:11-CV-0304, 2011 WL 4402955 at *4 (D. Nev. Sept. 21, 2011) ("[T]he process at issue in this action is a non-judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process claim . . . Therefore, the court finds that [Plaintiff] has failed to state a claim for abuse of process.") (citation omitted). Accordingly, Plaintiffs' claim for abuse of process shall be dismissed without leave to amend.

### III. Motion (#17) to Supplement Opposition to Motion to Dismiss

Plaintiffs filed a Motion (#17) to Supplement their Opposition, in order to bring to the Court's attention recent Nevada Supreme Court decisions pertaining to foreclosure. No opposition was filed to the Motion (#17), and the Court, having considered the arguments contained in the supplement, grants the Motion (#17).

15

### IV. Motion to Expunge Lis Pendens

Because all of Plaintiffs' claims have been dismissed without leave to amend, Defendants' Motion to Expunge Lis Pendens (#11) shall be granted.

### V. Motion to Add Indispensable Party

In light of the dismissal of Plaintiffs' complaint, Plaintiffs' Motion to Add Indispensable Party (#29) shall be denied as moot.

**VI. Conclusion**

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiffs' Motion (#17) to Supplement the Opposition is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motions to Dismiss (##9, 19) are **GRANTED**. Plaintiffs' claims are **DISMISSED WITH PREJUDICE** against all Defendants.

**IT IS FURTHER ORDERED** that the Motion to Expunge Lis Pendens (#11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Add Indispensable Party (#17) is **DENIED** as moot.

The Clerk shall enter judgment accordingly.

DATED: March 26, 2012.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE

16